UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSEPH CHALVERUS on Behalf of Himself and All Others Similarly Situated,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>STEPHEN W. BERSHAD, ANTHONY J. FIORELLI, JR., ELIOT M. FRIED, RICHARD F. HAMM, JR., ROBERT G. STEVENS, AXSYS TECHNOLOGIES, INC.<br><br>　　　　　　Defendants. | **Case No.**<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED<br><br><br>JUNE 9, 2010 |

Plaintiff Joseph Chalverus ("Plaintiff"), for his complaint, alleges as follows:

**SUMMARY OF ALLEGATIONS**

1.　　This is a class action (the "Action") on behalf of holders of the common stock of Axsys Technologies, Inc. ("Axsys" or the "Company"), who held shares as of July 30, 2009 (the "Record Date"), and their transferees, successors and assigns, seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act") (the "Class").[1] The Action charges Defendants with making false and misleading statements in a proxy statement that they filed with the Securities and Exchange Commission ("SEC") and mailed to class members in connection with the sale of Axsys to General Dynamics Advanced Information System and General Dynamics Corporation (collectively "General Dynamics").

---

[1] The precise contours of the Class will be defined by the Court but will include some or all of Axsys's former stockholders between June 9, 2009 and September 2, 2009.

2.  On June 4, 2009, it was announced that General Dynamics had entered into a definitive agreement (the "Merger Agreement") to acquire Axsys for $54 per share for each share of Axsys outstanding common stock (the "Merger").

3.  On June 9, 2009, Axsys filed its preliminary proxy statement (the "Preliminary Proxy Statement") with the SEC in connection with the Merger and Merger Agreement.

4.  On June 10, 2009, Plaintiff in this action filed a class action complaint in Connecticut Superior Court, Judicial District of Hartford, alleging, *inter alia*, that Defendants[2] had breached their fiduciary duties to Axsys shareholders by entering into the Merger Agreement.

5.  On August 4, 2009, Axsys filed its definitive proxy statement (the "Definitive Proxy Statement") and mailed the same to Axsys shareholders in conjunction with soliciting shareholders' votes on the Merger Agreement. The Proxy Statement specified that "holders of shares of Axsys common stock who do not wish to accept the consideration payable pursuant to the merger agreement may seek, under Section 262 of the General Corporation Law of the State of Delaware [D.G.C.L.], judicial appraisal of the fair value of their shares by the Delaware Court of Chancery."  The Definitive Proxy Statement made no reference to Connecticut's appraisal statute or law with regard to appraisal rights or the remedies available to dissenting shareholders.

6.  On August 18, 2009, Plaintiff filed a motion in the Connecticut Superior Court seeking a temporary injunction to enjoin the Merger.

7.  On August 21, 2009, Defendants argued in their opposition to the motion for a temporary injunction that "[t]he Connecticut Supreme Court has unambiguously construed [the

---

[2] In addition to the Defendants named in the above-captioned action, the complaint named two defendants that are not included in this action, General Dynamics Advanced Information System and General Dynamics Corp.

predecessor of Connecticut General Statutes § 33-856] as supplying the exclusive remedy for shareholders with regard to mergers even where claims of breach of fiduciary duty related to the merger transaction are asserted."

8. On August 31, 2009, the Superior Court of Connecticut ruled against Plaintiff's motion for a temporary injunction. In doing so, it stated, "Therefore, this court concludes that following *Yanow*, the appraisal rights section of the Connecticut General Statutes § 33-856, provides the plaintiffs' exclusive remedy."

9. On September 2, 2009, General Dynamics completed its purchase of Axsys.

10. On November 9, 2009, Defendants filed their motion to strike Plaintiff's complaint for failure to state a claim upon which relief can be granted. In it, Defendants reiterated their argument that "[u]nder Connecticut law – which governs the availability of remedies – the exclusive remedy for a dissenting stockholder in a merger…is the exercise of appraisal rights."

11. By virtue of the foregoing conduct, and specifically by failing to discuss Connecticut's appraisal rights statute in the Definitive Proxy Statement, Defendants violated Section 14(a) of the Exchange Act, (15 U.S.C. § 78n), and Rules 14a-9 and 14a-101 promulgated thereunder (17 C.F.R. § 240.14a-9 and 17 C.F.R. § 240.14a-101), and as a result, Plaintiffs and the Class have been damaged.

## JURISDICTION AND VENUE

12. Plaintiff is bringing this claim within one year of discovery of the false statements and within three years of the filing of the Definitive Proxy Statement.

13. This Court has jurisdiction over the subject matter of this action pursuant to section 27 of the Exchange Act (15 U.S.C. § 78aa), and 28 U.S.C. § 1331.

14. Venue is proper in this Judicial District pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1391(b). A substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## THE PARTIES

15. Plaintiff Joseph Chalverus was the owner of shares of Axsys common stock at all relevant times, including on the record date, July 30, 2009.

16. Until September 2, 2009, Defendant Axsys was a publicly traded corporation with its executive offices at 175 Capital Boulevard, Suite 103, Rocky Hill, Connecticut 06067. Axsys dealt in the design and manufacturing of high-performance electro-optical infrared (EO/IR) systems, multi-axis stabilized cameras, infrared lenses, optical systems and components and motion control products. Axsys's common stock was publicly traded on the NASDAQ under the symbol "AXSYS" until the completion of the Merger.

17. Defendant Stephen W. Bershad ("Bershad") served as a director, Chairman of the Board and Chief Executive Officer of the Company at all relevant times. This Court has jurisdiction over Bershad under 15 U.S.C. § 78n(a) because he solicited or permitted the use of his name to solicit proxies in connection with the Merger.

18. Defendant Anthony J. Fiorelli, Jr. ("Fiorelli") served as a director of the Company at all relevant times. This Court has jurisdiction over Fiorelli under 15 U.S.C. § 78n(a) because he solicited or permitted the use of his name to solicit proxies in connection with the Merger.

19. Defendant Eliot M. Fried ("Fried") served as a director of the Company at all relevant times. This Court has jurisdiction over Fried under 15 U.S.C. § 78n(a) because he solicited or permitted the use of his name to solicit proxies in connection with the Merger.

20. Defendant Richard F. Hamm, Jr. ("Hamm") served as a director of the Company at all relevant times. This Court has jurisdiction over Hamm under 15 U.S.C. § 78n(a) because he solicited or permitted the use of his name to solicit proxies in connection with the Merger.

21. Defendant Robert G. Stevens ("Stevens") served as a director of the Company at all relevant times. This Court has jurisdiction over Stevens under 15 U.S.C. § 78n(a) because he solicited or permitted the use of his name to solicit proxies in connection with the Merger.

22. The defendants identified in paragraphs 17 through 21 collectively constitute the entirety of the Company's Board. These five individuals are hereinafter referred to collectively as the "Individual Defendants."

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all holders of the common stock of Axsys who held shares as of July 30, 2009, and their transferees, successors and assigns, seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act"). The precise contours of the Class will be defined by the Court but will include some or all of Axsys's former stockholders between June 9, 2009 and September 2, 2009.

24. The Class is so numerous that joinder of all members is impracticable. Members of the Class are scattered throughout the United States and thus it would be impracticable to bring them all before this Court. As of the close of business on July 30, 2009, the Company had 11,624,837 million shares outstanding.

25. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

26. Plaintiff will fairly and adequately protect the interests of the members of the class and has retained counsel competent and experienced in class and securities litigation.

27. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are: (a) whether the federal securities laws were violated by Defendants' acts as alleged herein; and (b) to what extent the members of the Class have sustained damages and the proper measure of damages.

28. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

**SUBSTANTIVE ALLEGATIONS**

**Background**

29. On June 4, 2009, it was announced that General Dynamics Corporation ("General Dynamics") had entered into a definitive agreement to acquire Axsys for $54 per share for each share of Axsys outstanding common stock (the "Merger"). Believing that the Merger was unfair to Axsys shareholders and that the directors had breached their fiduciary duties in connection with the Merger and the Merger Agreement. Plaintiff in this Action filed a class action complaint against Defendants in Connecticut Superior Court, Judicial District of Hartford on June 10, 2009.

30. Subsequently, on August 4, 2009, Defendants caused Axsys to file the Proxy Statement in connection with the Merger and the Merger Agreement. The Proxy Statement notified shareholders, *inter alia*, that Delaware law governed their appraisal rights by stating as follows:

> **Appraisal Rights of Axsys Stockholders**
>
> Record holders of shares of Axsys common stock who do not vote in favor of the adoption of the merger agreement, and who otherwise comply with the applicable provisions of Section 262 of the DGCL, will be entitled to exercise appraisal rights under Section 262 of the DGCL in connection with the merger. A person having a beneficial interest in shares of Axsys common stock held of record in the name of another person, such as a broker, bank or other nominee, must act promptly to cause the record holder to follow the steps summarized below properly and in a timely manner to perfect appraisal rights.
>
> **The following discussion is not a complete statement of the law pertaining to appraisal rights under the DGCL and is qualified in its entirety by the full text of Section 262 of the DGCL, which is reprinted in its entirety as Annex D and incorporated into this proxy statement by reference. The following summary does not constitute any legal or other advice nor does it constitute a recommendation that stockholders exercise their appraisal rights. All references in Section 262 of the DGCL and in this summary to a "stockholder" or "holder" are to the record holder of the shares of Axsys common stock as to which appraisal rights are asserted.**
>
> Holders of shares of Axsys common stock who follow the procedures set forth in Section 262 of the DGCL will be entitled to have their shares of Axsys common stock appraised by the Delaware Court of Chancery and to receive, in lieu of the merger consideration, payment in cash of the "fair value" of their shares of Axsys common stock, exclusive of any element of value arising from the accomplishment or expectation of the merger, together with interest, if any, as determined by that court (described more fully below).
>
> Under Section 262 of the DGCL, when a proposed merger of a Delaware corporation is to be submitted for adoption at a meeting of its stockholders, the corporation, not less than 20 days prior to the meeting, must notify each of its stockholders entitled to appraisal that appraisal rights are so available, and must include in this required notice a copy of Section 262 of the DGCL.

> This proxy statement constitutes the required notice to the holders of the shares of Axsys common stock in respect of the merger, and Section 262 of the DGCL is attached to this proxy statement as Annex D . Any Axsys stockholder who wishes to exercise appraisal rights in connection with the merger or who wishes to preserve the right to do so should review the following discussion and Annex D carefully, because failure to comply timely and properly with the procedures specified in Annex D will result in the loss of appraisal rights under the DGCL. Moreover, because of the complexity of the procedures for exercising the right to seek appraisal of shares of Axsys common stock, Axsys believes that if a stockholder considers exercising such rights, such stockholder should seek the advice of legal counsel.

31.  Additionally, Defendants annexed the full text of Section 262 of the General Corporation Law of the State of Delaware ("D.G.C.L.") to the Proxy Statement and encouraged shareholders to read it "carefully and in [its] entirety." Shareholders who failed to "strictly comply with all procedures required by Section 262 of the D.G.C.L. [would lose] the right to appraisal…."

32.  The Proxy Statement did not make any reference to Connecticut law with regard to appraisal rights or the remedies available to dissenting shareholders.

33.  On August 18, 2009, Plaintiff sought to enjoin the Merger by filing a motion for a temporary injunction. In opposition papers filed on August 21, 2009, Defendants argued against the temporary injunction by asserting that C.G.S.A. § 33-856 "suppl[ied] the exclusive remedy for shareholders…." The Connecticut Court concluded that Defendants were correct and stated, "Therefore, this court concludes that following *Yanow*, the appraisal rights section of the Connecticut General Statutes § 33-856, provides the plaintiffs' exclusive remedy."

**The proxy materials contain statements, which,
at the time and in the light of the circumstances under
which they were made, were false or misleading with respect
to a material fact, or omitted to state material facts necessary
in order to make the statements made not false or misleading**

34.     The Proxy Statement falsely or misleadingly claimed that a dissenting shareholder's appraisal rights would be determined under Delaware law and omitted any reference to Connecticut's statutes regarding appraisal rights or dissenters' remedies.  The Definitive Proxy Statement contained no references to C.G.S.A. § 33-856 or any other Connecticut law with regard to appraisal rights or a dissenting shareholders' remedies.  These statements and omissions were false or misleading, particularly when Defendants successfully argued and the Connecticut State Court decided that C.G.S.A. § 33-856 "suppl[ied] the exclusive remedy for shareholders…."

**The defect was material**

35.     The failure to disclose Connecticut's appraisal rights statute constitutes a material defect in the Proxy Statement.  Indeed the discussion of the appraisal rights statute is specifically required under Rule 14a-101 (17 C.F.R. 240.14a-101), which specifies that a proxy statement must "[o]utline briefly the rights of appraisal or similar rights of dissenters with respect to any matter to be acted upon and *indicate any statutory procedure required to be followed by dissenting security holders in order to perfect such rights*." (emphasis added).

**The proxy solicitation was an essential
link in effecting the proposed corporate action**

36.     The Definitive Proxy Statement was an essential link in the accomplishment of the Merger.  The Definitive Proxy Statement was used to solicit stockholders' votes on the Merger Agreement.

9

**Defendants Were Negligent**

37. A reasonable person in Defendants' positions should have known that C.G.S.A. § 33-856 supplied a remedy for a dissenting shareholder under Connecticut law. Indeed, the Individual Defendants were the ones to make the argument to the Connecticut Court.

### COUNT I

**Violation Of Section 14(a) Of The Exchange Act And
Rule 14a-9 and Rule 14a-101 Promulgated Thereunder Against All Defendants**

38. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

39. On August 4, 2009, Defendants, by use of the means or instrumentalities of interstate commerce or of the mails, or the facilities of a national securities exchange, solicited or permitted the use of their names to solicit proxies, consents or authorizations in respect of non-exempt securities registered with the SEC pursuant to Section 12 of the Exchange Act (15 U.S.C. § 78l) caused the Company to file a Proxy Statement containing false or misleading statements with respect to a material fact in violation of Section 14(a) of the Exchange Act, Rule 14a-9 and Rule 14a-101.

40. As more fully described above, Defendants made materially false and misleading statements, or omitted to disclose necessary material facts, in the proxy statement that it filed in connection with the Merger and the Merger Agreement concerning the terms of the Merger Agreement and the law applicable to dissenters' remedies.

41. By virtue of the foregoing, Defendants have violated Section 14(a) of the Exchange Act and Rules 14a-9 and 14a-101 promulgated thereunder.

z
w

42.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages as holders of the Company's common stock as of the Record Date.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff, on his behalf and on behalf of the Class, prays as follows:

1.    for a judgment determining that this action is a proper class action and that Plaintiff is a proper class representative;

2.    for a judgment declaring that Defendants have violated Sections 14(a) of the Exchange Act, (15 U.S.C. § 78n), and Rules 14a-9 and 14a-101 promulgated thereunder (17 C.F.R. § 240.14a-9 and 17 C.F.R. § 240.14a-101);

3.    awarding Plaintiff and the Class monetary and/or rescissory damages;

4.    awarding reasonable attorney's fees, expert fees, and other expenses and costs;

5.    awarding interest; and

6.    such other relief as the Court may find just and proper.

THE PLAINTIFF JOSEPH CHALVERUS

By: *John F. Keating*
John F. Keating, Jr.
His Attorney
71 Route 39, Suite One
New Fairfield, Connecticut 06812
Tel:   (203) 746-1423
Fax:   (203) 746-1637
Federal Bar # ct07303

Richard B. Brualdi
Gaitri Boodhoo
David M. Titus
THE BRUALDI LAW FIRM, P.C.
29 Broadway, Suite 2400
New York, New York 10006
 (212) 952-0602

Bruce G. Murphy
LAW OFFICES OF BRUCE G. MURPHY
265 Llwyds Lane, Suite 100
Vero Beach, Florida 32963
(828) 737-0500

*Of Counsel*

## CERTIFICATION OF NAMED PLAINTIFF
## PURSUANT TO FEDERAL SECURITIES LAW

JOSEPH CHALVERUS ("Plaintiff") declares, as to the claims asserted under the federal securities law, that:

1. Plaintiff has reviewed a complaint in this action and has selected The Brualdi Law Firm, P.C. as his counsel.

2. Plaintiff did not acquire the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action or any other litigation under the federal securities laws.

3. Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

4. Plaintiff represents and warrants that he is fully authorized to enter into and execute this certification.

5. Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

6. Plaintiff has made no transaction(s) during the Class Period in the debt or equity securities that are the subject of this action except those set forth below:

| No. of shares | Buy/Sell | Date | Price Per Share |
| --- | --- | --- | --- |
| 850 | Cashed out pursuant to merger. | 9/3/09 | $54 |
| | | | |

7.  During the three years prior to the date of this Certification, Plaintiff has not sought to serve or served as a representative party for a class in an action filed under the federal securities laws except as detailed below: NONE.

I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct. Executed this 4th day of June, 2010.

Joseph Chalverus