UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH CHALVERUS on Behalf of Himself and All Others Similarly Situated, | : | **Case No. 3:10-cv-00901-JBA** |
| Plaintiff, | : | |
| vs. | : | |
| STEPHEN W. BERSHAD, ANTHONY J. FIORELLI, JR., ELIOT M. FRIED, RICHARD F. HAMM, JR., ROBERT G. STEVENS, AXSYS TECHNOLOGIES, INC. | : : : | |
| Defendants. | : : | AUGUST 16, 2010 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS
JOSEPH CHALVERUS AND HARVEY BAKER'S MOTION FOR
APPOINTMENT AS LEAD PLAINTIFFS AND FOR APPOINTMENT
OF PLAINTIFFS' CO-LEAD COUNSEL AND LIAISON COUNSEL**

Plaintiff Joseph Chalverus and class member Harvey Baker (hereinafter "Movants" or "Plaintiffs") respectfully submit this memorandum of law in support of their motion for an Order: (i) appointing them as Co-lead Plaintiffs in this action pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act") and 15 U.S.C. §78u-4(a);[1] (ii) approving their choice of The Brualdi Law Firm, P.C. ("The Brualdi Law Firm") and Harwood Feffer LLP ("Harwood Feffer") as Plaintiffs' Co-Lead Counsel, and John F. Keating, Jr. as Liaison Counsel; and (iii) granting such other and further relief as the Court may deem just and proper.[2]

## I.   INTRODUCTION

Presently pending before this Court is a putative class action lawsuit brought on behalf of holders of the common stock of Axsys Technologies, Inc. ("Axsys" or the "Company"), who held shares as of July 30, 2009 (the "Record Date"), and their transferees, successors, and assigns, seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act") (the "Class").[3] The Action charges Defendants with making false and misleading statements in a proxy statement that they filed with the Securities and Exchange Commission ("SEC") and mailed to class members in connection with the sale of Axsys to General Dynamics Advanced Information Systems and General Dynamics Corporation (collectively "General Dynamics").

---

[1] Alternatively, Messrs. Chalverus and Baker move for appointment as Lead Plaintiff individually.

[2] Plaintiffs have submitted signed, sworn certifications as required by §21D(a)(2)(A)(i)-(vi) of the Exchange Act. *See* Exhibit 1 to the Declaration of John F. Keating, Jr., dated August 16, 2010, filed in support of this Motion ("Keating Decl."), filed concurrently herewith.

[3] The precise contours of the Class will be defined by the Court but will include some or all of Axsys's former stockholders between June 9, 2009 and September 2, 2009.

On July 30, 2009, Plaintiff Joseph Chalverus held approximately 850 shares of Axsys common stock and movant Harvey Baker held approximately 100 shares of Axsys common stock. Plaintiffs also have selected The Brualdi Law Firm and Harwood Feffer, which are experienced and capable firms in securities class action litigation, to serve as Plaintiffs' Co-lead Counsel and John F. Keating, Jr. to serve as Plaintiffs' Liaison Counsel.

Accordingly, Plaintiffs should be appointed as Co-lead Plaintiffs and their chosen counsel should be appointed as Plaintiffs' Co-lead Counsel and Liaison Counsel.

## II.  FACTUAL BACKGROUND

On June 4, 2009, it was announced that General Dynamics had entered into a definitive agreement (the "Merger Agreement") to acquire Axsys for $54 per share for each share of Axsys outstanding common stock (the "Merger").

On June 9, 2009, Axsys filed its preliminary proxy statement (the "Preliminary Proxy Statement") with the SEC in connection with the Merger and Merger Agreement.

On June 10, 2009, Plaintiff Chalverus, later joined by Plaintiff Baker and another plaintiff, filed a class action complaint in Connecticut Superior Court, Judicial District of Hartford, alleging, *inter alia*, that Defendants[4] had breached their fiduciary duties to Axsys shareholders by entering into the Merger Agreement (the "State Court Action").

On August 4, 2009, Axsys filed its definitive proxy statement (the "Definitive Proxy Statement") and mailed the same to Axsys shareholders in conjunction with soliciting shareholders' votes on the Merger Agreement. The Proxy Statement specified that "holders of shares of Axsys common stock who do not wish to accept the consideration payable pursuant to

---

[4] In addition to the Defendants named in the above-captioned action, the complaint named two defendants that are not included in this action, General Dynamics Advanced Information System and General Dynamics Corp.

2

the merger agreement may seek, under Section 262 of the General Corporation Law of the State of Delaware [D.G.C.L.], judicial appraisal of the fair value of their shares by the Delaware Court of Chancery." The Definitive Proxy Statement made no reference to Connecticut's appraisal statute or law with regard to appraisal rights or the remedies available to dissenting shareholders.

On August 18, 2009, Plaintiffs filed a motion in the State Court Action seeking a temporary injunction to enjoin the Merger.

On August 21, 2009, Defendants argued in their opposition to the motion for a temporary injunction that "[t]he Connecticut Supreme Court has unambiguously construed [the predecessor of Connecticut General Statutes § 33-856] as supplying the exclusive remedy for shareholders with regard to mergers even where claims of breach of fiduciary duty related to the merger transaction are asserted."

On August 31, 2009, the Superior Court of Connecticut ruled against Plaintiffs' motion for a temporary injunction in the State Court Action. In doing so, it accepted Defendants' argument and stated, "Therefore, this court concludes that following *Yanow*, the appraisal rights section of the Connecticut General Statutes § 33-856, provides the plaintiffs' exclusive remedy."

On September 2, 2009, General Dynamics completed its purchase of Axsys.

On November 9, 2009, Defendants filed its motion to strike Plaintiffs' complaint in the State Court Action for failure to state a claim upon which relief can be granted. In it, Defendants reiterated their argument that "[u]nder Connecticut law – which governs the availability of remedies – the exclusive remedy for a dissenting stockholder in a merger…is the exercise of appraisal rights."

On August 6, 2010, the Superior Court of Connecticut granted Defendants' motion to strike because "the claims relating to the merger 'did not, in view of the exclusivity of the appraisal rights statute, state a claim upon which relief could be granted.'"

By virtue of the foregoing conduct, and specifically by failing to discuss Connecticut's appraisal rights statute in the Definitive Proxy Statement, Defendants violated Section 14(a) of the Exchange Act, (15 U.S.C. § 78n), and Rules 14a-9 and 14a-101 promulgated thereunder (17 C.F.R. § 240.14a-9 and 17 C.F.R. § 240.14a-101), and as a result, Plaintiffs and the Class have been damaged.

### III.   ARGUMENT

#### A.   Plaintiffs Should Be Appointed As Co-lead Plaintiffs

##### 1.   Plaintiffs Satisfy All Three Requirements of §21D(a)(3)(B) of the PSLRA and Should Be Appointed as Co-lead Plaintiffs

The PSLRA provides guidelines for the appointment of lead plaintiff(s) to oversee class actions brought under the federal securities laws. *See Coopersmith v. Lehman Bros.*, 344 F. Supp. 2d 783 (D. Mass. 2004).

First, within twenty (20) days of the time a class action is filed, the plaintiff or plaintiffs must publish notice advising class members of the pendency of the action and of their right to move within sixty (60) days of the publication notice to be appointed lead plaintiff. §21D (a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA provides:

> The plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported class
>
> > (I)   of the pendency of the action, the claims asserted therein and the purported class period; and
> >
> > (II)  that, not later than 60 days after the date on which the notice is published, any member of the purported class

>>may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. §78u-4(a)(3)(A)(i).

Here, Plaintiffs' counsel caused the required notice to be published on June 15, 2010 over *GlobeNewswire*, a national newswire service. *See* Keating Decl. Exh. 2. This notice advised class members of the pendency of the securities class action lawsuit against Axsys and its directors, the claims asserted therein, the Class Period and their right to move for lead plaintiff within sixty (60) days from publication of the notice on June 15, 2010. *See* 15 U.S.C. §78u-4(a)(3)(A)(i).

Second, within 60 days after the publication notice, any class member or members of the class may move the Court to serve as lead plaintiff(s) whether or not they have previously filed a complaint in the action. 15 U.S.C. §78u-4(a)(3)(A) and (B). The present motion by Plaintiffs is timely filed within 60 days from publication of the notice on June 15, 2010 and the statutory requirement of the PSLRA is satisfied. *See* 15 U.S.C. §78u-4(a)(3)(A)(i).

Third, the PSLRA provides that within 90 days after the publication of the notice, the Court shall consider any motion made by a class member or group comprised of class members and shall appoint as lead plaintiff(s) the member(s) of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B). In so doing, the Court must apply a rebuttable presumption that the movant who has filed the complaint or has the largest financial interest is the most adequate plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Moreover, the Court must allow an opportunity for other class members to rebut the presumptive lead plaintiff(s) showing that they meet Rule 23's typicality and adequacy requirements. *See State Univ. Ret. Sys. v. Sonus Networks, Inc.*, 2006 U.S. Dist. LEXIS 93328 (D. Mass. Dec. 27, 2006); *see also* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

### 2. Plaintiffs Possess the Largest Financial Interest in the Litigation and Should Be Presumed Co-lead Plaintiffs

The PSLRA provides that the Court:

> shall appoint as lead plaintiff the member or members of the purported class that the court determines to be most capable of adequately representing the interests of class members (hereinafter in this paragraph referred to as the "most adequate lead plaintiff") in accordance with this subparagraph.

15 U.S.C. §78u-4(a)(3)(B)(i).

Moreover, the PSLRA's "most adequate plaintiff" provision also requires this Court to adopt a rebuttable presumption that:

> The most adequate plaintiff in any private action arising under this title is the person or group of person[s] that –
>
> (aa) has either filed the complaint or made a motion in response to a notice…;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class;
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see also State Univ. Ret. Sys.* at *3 – 4 (same).

As noted *supra*, Plaintiffs were plaintiffs in the State Court Action and filed the complaint in the present action. As of July 30, 2009, Plaintiff Joseph Chalverus held approximately 850 shares of Axsys common stock and movant Harvey Baker held approximately 100 shares of Axsys common stock. Therefore, Plaintiffs possess a significant financial interest in the outcome of this litigation. *Sklar v. Bank of Am. Corp.*, 258 F.R.D. 260, 269 (S.D.N.Y 2009) ("The number of shares held is another factor that may be considered in gauging the movants' financial interest in the Section 14(a) claims."). Thus, in the absence of a larger

financial interest, Plaintiffs are presumptively the "most adequate" plaintiffs to serve as the representative of the Class herein.

### 3. Plaintiffs Meet the Requirements of Rule 23 of the Federal Rules of Civil Procedure

As noted above, §21D(a)(3)(B)(iii)(I)(cc) of the Exchange Act further provides that the lead plaintiff(s) must also "otherwise satisfy[y]" the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(c).

With respect to the qualifications of the class representatives, Rule 23(a) requires generally that their claims be typical of the claims of the class and that the representatives will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23(a). As detailed below, Plaintiffs satisfy the typicality and adequacy requirements of Rule 23(a) and are qualified to be appointed Co-lead Plaintiffs.

#### a. Plaintiffs' Claims Are Typical of the Claims of the Class

The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise out of the same event or course of conduct as do the other class members' claims, and are based on the same legal theories. *In re Flight Safety Techs., Inc. Sec. Litig.*, 231 F.R.D. 124, 128 (D. Conn. 2005). "Minor conflicts…do not make a plaintiff's claims atypical." *Karen L. v. Physicians Health Servs.*, 202 F.R.D. 94, 101 (D. Conn. 2001). Here, Plaintiffs satisfy the typicality requirement because they (1) held Axsys common stock during the Class Period and (2) suffered damages thereby. Thus, Plaintiffs' claims are typical of those of other class members since their claims and the claims of other class members arise out of the same course of events.

### b. Plaintiffs Will Fairly and Adequately Represent the Interests of the Class

Under Rule 23(a)(4), the representative plaintiff(s) must also "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limits its inquiry regarding the adequacy of movants to represent the class to the existence of any conflicts between the interests of movants and the members of the class. The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of a potential conflict between the named plaintiff and the class members; and (2) the class representative's choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. *Easterling v. State*, 265 F.R.D. 45, 51 (D. Mass. 1991).

Plaintiffs' interests clearly are aligned with the members of the class and there is no antagonism between their interests. Plaintiffs have amply demonstrated their adequacy as class representative by signing sworn certifications affirming their willingness to serve as, and assume the responsibilities of, class representatives. *See* Keating Decl. Exh. 1.

In addition, Plaintiffs have selected counsel experienced in prosecuting securities class actions to represent them. *See* Keating Decl. Exh. 3-5. Accordingly, Plaintiffs, as well as their counsel, satisfy the requirements of Rule 23 and all of the PSLRA's prerequisites for appointment as lead plaintiffs in this action, and, accordingly, should be appointed Co-lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### 4. This Court Should Approve Plaintiffs' Choice of Lead Counsel

The PSLRA vests authority in the lead plaintiff(s) to select and retain counsel to represent the class, subject to court approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The Court should not disturb lead plaintiff's choice of counsel unless necessary to protect the interests of the class.

*See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Host Am. Corp. Secs. Litig.,* 236 F.R.D. 102, 105 (D. Conn. 2006) ("The court should generally employ a deferential standard in reviewing the lead plaintiff's choices.").

Plaintiffs have selected The Brualdi Law Firm, P.C. and Harwood Feffer LLP as Co-Lead Counsel, and John F. Keating, Jr. as Liaison Counsel. Plaintiffs' chosen counsel and liaison counsel possess experience in litigating securities class actions and have successfully prosecuted numerous securities class actions on behalf of injured investors. *See* Keating Decl. Exh. 3-5. Notably, Plaintiffs' chosen counsel demonstrated their ability to work well together in the State Court Action. As a result, this Court may be assured that the members of the class will receive the highest caliber of legal representation available.

**IV.   CONCLUSION**

For all the foregoing reasons, Plaintiffs respectfully request that this Court: (i) appoint Plaintiffs as Co-lead Plaintiffs in this action pursuant to Section 21D(a)(3)(B) of the Exchange Act; and (iii) approve Plaintiffs' selection of The Brualdi Law Firm, P.C. and Harwood Feffer LLP as Plaintiffs' Co-Lead Counsel, and John F. Keating, Jr. as Plaintiffs' Liaison Counsel for the class.

Dated: August 16, 2010

By: /s/ John F. Keating
John F. Keating, Jr.
71 Route 39, Suite One
New Fairfield, Connecticut 06812
Tel: (203) 746-1423
Fax: (203) 746-1637
CT Federal Bar No. ct07303

[Proposed] Liaison Counsel for Plaintiffs

        Richard B. Brualdi
        David Titus
        THE BRUALDI LAW FIRM, P.C.
        29 Broadway, Suite 2400
        New York, New York 10006
        Telephone: (212) 952-0602
        Fax: (212) 952-0608

        Counsel for Joseph Chalverus and
        [Proposed] Co-lead Counsel for Plaintiffs

        Robert I. Harwood
        James G. Flynn
        HARWOOD FEFFER LLP
        488 Madison Avenue, 8th Floor
        New York, NY 10022
        Telephone: (212) 935-7400
        Facsimile: (212) 753-3630

        Counsel for Harvey Baker and
        [Proposed] Co-lead Counsel for Plaintiffs

        Bruce G. Murphy
        LAW OFFICES OF BRUCE G. MURPHY
        265 Llwyds Lane, Suite 100
        Vero Beach, Florida 32963

        Additional Counsel for Plaintiff Joseph Chalverus

        Joe Kendall
        Jamie McKey
        KENDALL LAW GROUP, LLP
        3232 McKinney, Ste. 700
        Dallas, TX 75204
        Telephone: (214) 744-3000
        Facsimile: (214) 744-3015

        Additional Counsel for Plaintiff Harvey Baker

**CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2010, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                /s/
                                        John F. Keating